UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY MILLER, *et al.*, | Case No. 3:12-cv-760 (MAS)(DEA) |
| Plaintiffs, | Hon. Michael A. Shipp<br>United States District Judge |
| vs. | |
| CHRYSLER GROUP LLC, | |
| Defendant. | |

RECEIVED
SEP 02 2014
DOUGLAS E. ARPERT
U.S. MAGISTRATE JUDGE

## STIPULATION OF PARTIES REGARDING TERMINATION OF CASE FOR PURPOSES OF REFILING

Plaintiffs David Cox, Melissa Doherty, Teresa Hughes, Anthony Lombardo, Jay Miller, Michael Newcomb, Steven Stahl, Sara Startzel, Lena Vartanian, Amy Weed, and Brooke Willman ("Plaintiffs"), and Defendant Chrysler Group LLC ("Chrysler Group"), subject to the Court's approval, hereby stipulate as follows:

WHEREAS this case was filed on February 8, 2012, and Chrysler Group was served with process on February 10, 2012; and

WHEREAS Plaintiffs filed a First Amended Complaint ("FAC") on March 14, 2012; and

WHEREAS, on December 7, 2012, this case was transferred to the United States District Court for the Southern District of New York, for referral to the Bankruptcy Court in that District ("Bankruptcy Court"); and

WHEREAS on July 29, 2013, pursuant to the Stipulation of the parties, the Bankruptcy Court entered the Order which is attached hereto as Exhibit A, which dismissed certain claims pleaded in the FAC, provided for the filing of a second amended complaint within specified limits, and remanded this case back to this Court; and

WHEREAS on September 27, 2013, Plaintiffs filed their Second Amended Complaint ("SAC"); and

WHEREAS Chrysler Group moved to dismiss the SAC, which motion was granted in part and denied in part, as set forth in the Order and Opinion attached hereto as Exhibit B; and

WHEREAS Plaintiffs moved for leave to file a Third Amended Complaint ("TAC"); and

WHEREAS on August 12, 2014 the Court entered the Parties' Stipulation regarding the filing of Plaintiffs' proposed TAC; and

WHEREAS the parties have yet to begin discovery of any nature, and the Court has expressed concern about the age of this case; and

WHEREAS Plaintiffs and Chrysler Group expressly agree and acknowledge that the terms of this Stipulation are applicable to, and can be enforced against, only the named parties in this case;

## IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES

that this case can be terminated by the Court subject to the following agreed upon conditions:

## DEFINITION

The phrase "Refiled Case" as used herein shall mean the future case filed to be filed within 3 months of the date that this case is terminated, by any or all individuals who are named as Plaintiffs in this case, and in which claims are pleaded based on alleged leaks in sunroofs in Jeep and/or Chrysler branded vehicles.

## AGREEMENTS

1.  For any or all Plaintiffs who bring the Refiled Case, the filing date for purposes of the statute of limitations for each such Plaintiff's claims shall be that date(s) which would have been applicable in this terminated action;[1]

2.  The limitations imposed by the Bankruptcy Court's Order described above shall be applicable in the Refiled Case;

---

[1] The parties have not agreed on the specific filing dates for each named Plaintiff, other than that February 8, 2012, is the filing date for Plaintiffs Jay Miller and Brooke Willman. The parties retain their rights to assert that a different filing date applies to all subsequently added Plaintiffs and/or that the filing date for those subsequently added Plaintiffs relates back to the date of the filing of the original Complaint in this case. In either event, the parties agree that the filing dates for each named Plaintiff that would have been applicable in this action will be applicable in any Refiled Case. This agreement is not intended to affect, in any way, any newly added Plaintiffs.

3. In the complaint filed in the Refiled Case, Plaintiffs will plead a separate prayer for relief for each Count and will identify whether the named Plaintiffs are bringing claims as part of the "Class" or "Subclass".

4. Subject only to the Bankruptcy Court's Order and the Order and Opinion in this Action described above, in any Refiled Case Plaintiffs shall be free to plead any claims of their choosing, and Chrysler Group shall be free to file any type of responsive pleading of its choosing. The Parties shall maintain any rights, remedies and/or defenses in the Refiled Case that they may have had at the termination of this action;

5. Kathy Wisniewski, who is counsel for Chrysler Group in this case, shall accept service of process via electronic mail on behalf of Chrysler Group in the Refiled Case;

6. Chrysler Group shall have 30 days from the service of a complaint in all Refiled Cases to enter its appearance and file its responsive pleading;

7. No later than 14 days after Chrysler Group enters its appearance and files its responsive pleading in the Refiled Case, the parties shall execute and file a stipulation in substantially the form attached hereto as Exhibit C;

8. In the Refiled Case the parties consent to all applications for *pro hac vice* appearance in the Refiled Case of all counsel admitted *pro hac vice* in this action;

9. In the Refiled Case, within 14 days of when Chrysler Group files its responsive pleading, the parties shall meet telephonically to confer on a joint discovery plan, and within 7 days thereafter shall submit the joint discovery plan to the Court;

10. In the Refiled Case, upon the filing of the joint discovery plan the parties shall jointly seek to have a scheduling conference set before the Court at the earliest opportunity.

Respectfully submitted,

**GRAHAM CURTIN**
A Professional Association

By: /s/ Thomas R. Curtin
    Thomas R. Curtin
    Four Headquarters Plaza
    P. O. Box 1991
    Morristown, New Jersey  07962
    (973) 292-1700
    (973) 898-0107 (fax)

**KEEFE BARTELS**

By: /s/ Stephen T. Sullivan, Jr.
    Stephen T. Sullivan, Jr.
    170 Monmouth Street
    Red Bank, New Jersey  07701
    (732) 224-9400

So Ordered this 4th day of September, 2014